### BISHOP v JONES et

Ohio Appeals, 5th Dist, Licking Co

LEMERT, J.

It will be noted from a careful examination of Item 3, hereinbefore quoted, that there are no words of survivorship, and no residuary clause in said Item 3, or any other part of the will, which would include any interest of Samantha Bishop, and the devise was not to a class, but of separate shares to individuals.

It must be remembered that a will should be construed with reference to the words of the whole will, taken in connection with the circumstances at the time of the making of the will, and not with conditions at the time of the testator's death.

Therefore, notwithstanding a testator, if his will had been made subsequent to the death of his brothers, would probably have given the property to his sisters, rather than his heirs at law, the fact that he gave the property to his brothers, who were then living, and his sister, without any other disposition of it, shows that to have been his intention, clearly and unmistakably expressed; and it can make no difference with the construction of the will that the heirs at law obtained a share thereunder.

We find that none of the conditions mentioned in **10581 GC** necessary to prevent the lapse of this devise, were fulfilled, and, therefore, said devise to Sa-

mantha Bishop fails, and Lucretia Bragg Smith is intestate as to the one-fourth undivided part of lot 115 in the Village of Granville, Ohio.

As this property came to the testatrix by devise from her husband, George Bragg, said intestate portion would be governed by 8577 GC and there being no issue of the parties, said property would pass one-half to the brothers and sisters of the intestate, and one-half to the brothers and sisters of such deceased husband from whom said real estate came, or their personal representatives.

The same judgment will be entered in this Court as was entered in the Court below.

Exceptions may be noted.

Houck, J, and Sherick, J, concur.